

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York  11501
(516) 877-2225
Our Ref. : 12-P-026-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HARTFORD FIRE INSURANCE COMPANY
a/s/o British Wholesale Imports, Inc.,

                                        Plaintiff,

- against -

YRC FREIGHT and VERMONT COUNTRY STORE,

                                        Defendants.

------------------------------------------------------------------x

ECF CASE

Civ.    (    )(    )

COMPLAINT

        Plaintiff, HARTFORD FIRE INSURANCE COMPANY, by their attorneys, Badiak, & Will, LLP, as and for their Complaint herein against the defendants, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitutes a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 as Plaintiff seeks damages for injury to freight shipped in interstate commerce under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq.

        2.    Plaintiff, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and provided all-risk cargo

insurance for the subject shipment hereinafter described, and maintained an office and place of business at P.O. Box 3122, Naperville, Illinois 60566-7122.

3. Plaintiff Hartford has paid the shipper and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and owner herein mentioned has performed all conditions required on its part to be performed with respect to the subject shipment.

4. Defendant, YRC FREIGHT, INC. (hereinafter referred to as "YRC"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 10990 Roe Ave, PO Box 7903, Overland Park, Kansas 66207, and is and was at all times hereinafter mentioned, a common carrier engaged in the interstate carriage of goods by motor carriage for hire, and does business within the State of New York.

5. Defendant, VERMONT COUNTRY STORE (hereinafter "VCS"), is and was a corporation organized and existing under and by virtue of one of the states of the United States with an office and place of business at 5650 West Main Street, Manchester Center, Vermont 05255-1090, and is and was at all times hereinafter mentioned engaged in the business of purchasing and selling various products, including but not limited to imported food products, including the shipment hereinafter described, and does business within the state of New York.

6. On or before June 5, 2012, Plaintiff's assured, British Wholesale Imports, Inc. sold a shipment of 2,084 packages of Crawfords Garibaldi Biscuits to Defendant VCS, pursuant to a Purchase Order numbered 277157 and Invoice numbered 56896-0004592, dated June 6, 2012, the terms of sale providing that seller, British Wholesale Imports, Inc., would have title and bear the risk of any loss or damage to the product until the product was delivered to the carrier, Defendant YRC, at which time title and risk of loss passed from the seller, British Wholesale Imports, Inc. to the purchaser, Defendant VCS, who then bore all costs and risks of loss of or damage to the goods from that point.

7. On or before June 5, 2012, British Wholesale Imports, Inc., as shipper and owner of the subject shipment, delivered to YRC, Defendant VCS's designated carrier, a shipment of 2,084 packages of Crawfords Garibaldi Biscuits to be carried from WEL Companies, in Jamesburg, NJ, to the Defendant, VCS, in North Clarendon, VT, as an interstate common carrier by road for hire, pursuant to a waybill numbered 110-616255-9, issued on June 5, 2012.

## AS AND FOR ITS FIRST CAUSE OF ACTION

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "7.", inclusive, with the same force and effect as if set forth at length herein.

9. The shipment, when delivered to and received by defendant YRC was in good order and condition.

10. Defendant YRC failed to deliver the aforementioned shipment at destination in the same good order and condition as when first received by them but, to wit, the shipment was commingled with another shipment containing poison by defendant YRC, rendering the subject

shipment unusable and a total loss, all in violation of YRC's duties and responsibilities as an interstate motor common carrier for hire.

11. Plaintiff Hartford was required to and did pay the shipper, it's assured, British Wholesale Importers, Inc., for the loss of the subject shipment in transit in the amount of $25,799.92.

12. As a result of defendant YRS's breach of duties as a common carrier of goods by road for hire and their contract of carriage, plaintiff has been damaged in the amount of $25,799.92.

13. Plaintiff and the shipper, Plaintiff's assured, have all performed all conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of carriage, including a timely written notice of claim.

14. Plaintiff has been damaged in the amount of $25,799.92, which amount, although duly demanded, has not been paid by defendant YRS.

## AS AND FOR ITS SECOND CAUSE OF ACTION

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1." through "14." with the same force and effect as if set forth at length herein.

16. Under the terms of sale of the purchase agreement between Plaintiff's assured, British Wholesale Importers, Inc., and the Defendant, VCS, the Defendant VCS bore all rish of loss or damage to the aforementioned shipment once it was tendered to and received by Defendant VCS's designated carrier, Defendant YRC, who had received the subject shipment in good order, condition and quantity.

4

17.     The contamination of the subject shipment while in the care, custody and control of the Defendant YRC, rendering it a total loss and of no further use, should have been borne by Defendant VCS, and not the Plaintiff's assured, British Wholesale Importers, Inc., yet Defendant VCS has failed to abide by the terms and conditions of the sales agreement and has refused to pay British Wholesale Importers, Inc., the invoice value of the subject shipment, which required British Wholesale Importers, Inc., to bear the risk of loss in transit, contrary to the express terms of the sales agreement, and required Plaintiff to pay for the damage and loss sustained to the subject shipment as aforesaid.

18.     The failure of the Defendant VCS to pay the Plaintiff's assured, British Wholesale Importers, Inc., for the subject shipment in accordance with the sales agreement constitutes a breach of the contract of sale, for which Defendant VCS is liable for the value of the subject shipment, $25,799.92.

19.     By reason of the foregoing premises, Plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $25,799.92..

WHEREFORE, plaintiff prays:

1.      That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2.      That if defendants cannot be found within this District then all of their property within this District be attached in the sum of $25,799.92., with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of Plaintiff, Hartford Fire Insurance Company, and against defendant YRC FREIGHT on the First Cause of Action and against Defendant VERMONT COUNTRY STORE on the Second Cause of Action, jointly and severally, for the amount of plaintiff's damages, $25,799.92, together with interest and costs and the disbursements of this action;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:   Mineola, New York
         June 13, 2013

BADIAK & WILL, LLP
Attorneys for Plaintiff,
Hartford Fire Insurance Company

By: _____
JAMES P. KRAUZLIS (JK-4972)